UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MELVIN GARCIA,

                 Petitioner,

    -against-

UNITED STATES of AMERICA,

                 Respondent.
------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CV 2044

DEARIE, Chief Judge.

Petitioner, pro se, moves pursuant to 28 U.S.C. § 2255 to vacate his conviction. The motion is denied, and the petition is dismissed

### Background

Petitioner, a member of the Latin Kings, was charged with conspiracy to murder and murder, in violation of 18 U.S.C. § 1959(a)(5) and 18 U.S.C. 1959(a)(1). On February 11, 2002, petitioner pled guilty pursuant to a superseding information to conspiracy to conduct or participate in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) ("RICO conspiracy") based on two predicate acts: murder and conspiracy to distribute narcotics.

The plea agreement specified that the offense carried a statutory maximum term of imprisonment of life, but the parties agreed that "a specific sentence of 25 years [was] the appropriate disposition." As part of the agreement, petitioner waived his right to file an appeal or otherwise challenge his conviction or sentence provided he was sentenced to a term of 25 years. On February 6, 2003, this Court sentenced petitioner to 25 years imprisonment. He did not appeal.

Petitioner now claims that his conviction should be vacated because the superseding information failed to adequately charge a crime under 18 U.S.C. § 1962(d). Petitioner contends that his waiver of his right to challenge his conviction or sentence is unenforceable because counsel failed to recognize that the superseding information was deficient.

## Discussion

Petitioner challenges the sufficiency of the superseding information on the ground that neither he nor his co-defendant, Gregory Pirrone, specifically agreed to commit the charged predicate acts of murder and conspiracy to distribute narcotics. He further challenges the information for failing to name him and his co-defendant in the recitation of the predicate act of conspiracy to distribute narcotics.

When the sufficiency of an indictment goes unchallenged at the time of pleading, the conviction will be upheld "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Santelises, 476 F.2d 787, 788 (2d Cir. 1973) (quoting United States v. Trollinger, 415 F.2d 527, 528 (5th Cir. 1969)); see also Hayle v. United States, 815 F.2d 879, 881-82 (2d Cir. 1987) (citing Santelises and Trollinger). The superseding information is not so defective.[1]

The statute defining RICO conspiracy provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962 (d). The conspiracy charged in this case related to a violation of subsection (c), which states:

It shall be unlawful for any person employed by or associated with any enterprise

---

[1] Here, petitioner pled guilty to a superseding information. Petitioner waived his right to an indictment.

2

engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962 (c). A "'pattern of racketeering activity' requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "Racketeering Activity" includes murder and narcotics trafficking. 18 U.S.C. § 1961(1).

The superseding information properly charges a RICO conspiracy. The information identifies the Latin Kings as an enterprise and petitioner and his co-defendant as members of that enterprise. The information further charges that the defendants conspired:

> "to conduct and participate, directly and indirectly, in the conduct of the affairs of the Latin Kings . . . . The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of [the two racketeering acts]. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Latin Kings."

Superseding Information at 3-4. Finally, the information specifies the murder of Lemuel Cruz and conspiracy to distribute narcotics as the two predicate acts.

Petitioner asserts that to be guilty of the charged RICO conspiracy, he must have "agreed to cause the death of another person." Petitioner is incorrect. A conspirator need not agree to commit the predicate acts. See Salinas v. United States, 522 U.S. 52, 64 (1997) (RICO conspiracy does not "require[] the Government to prove each conspirator agreed that he would be the one to commit two predicate acts."). As set forth in Salinas,

> A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion.

Id. at 65. In this case, not only did petitioner "adopt the goal of furthering or facilitating the criminal endeavor," he directly participated in the predicate acts as a member of the Latin Kings.

3

Moreover, at his plea, petitioner properly allocuted to each element of the RICO conspiracy. He admitted membership in the Latin Kings, a criminal organization, and his own participation in both the murder and the conspiracy to distribute narcotics for the organization. As part of the plea agreement, petitioner waived his right to challenge his conviction or sentence. Such knowing and voluntary waivers are enforceable, see Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (waivers are enforceable against collateral attack), but do not extend to jurisdictional errors that affect the power of a court to hear and decide a case. United States v. Calderon, 243 F.3d 587 (2d Cir. 2001) (jurisdictional errors are not waived upon plea); Hayle, 815 F.2d at 881 ("It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and . . . waives all challenges to the prosecution except those going to the court's jurisdiction."). Although a defective indictment is a jurisdictional error, for the reasons stated previously, the indictment is not defective. See Id. ("In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense.")

Furthermore, petitioner's waiver was knowing and voluntary. Petitioner signed his plea agreement and affirmed in his allocution both that he understood the nature of his plea agreement and that he was entering into it freely and voluntarily. He confirmed that he had been adequately represented by counsel and that he understood that he was waiving his right to challenge his conviction, provided his sentence was no more than 25 years. He did not challenge his understanding of his waiver at any time. Thus, the record demonstrates that the plea was knowing and voluntary. Garcia-Santos, 273 F.3d at 508 (factors to consider in assessing whether a plea is knowing and voluntary include whether the petitioner signed the plea agreement,

4

whether he stated that he had read and understood the agreement, whether he attempted to appeal his sentence, and whether he claimed that he had not understood the waiver).

Nevertheless, petitioner claims that because counsel was ineffective, the waiver in his plea agreement was not knowing and voluntary. United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim that agreement was entered into without effective assistance of counsel). Specifically, petitioner criticizes counsel for failing to recognize the defects in the charges to which he pled. He asserts that had counsel explained that "an agreement to cause the death of another person" was an element of the crime, he would have gone to trial. Petitioner's contention that his plea of guilty resulted from the ineffective assistance of his counsel "need not detain us long since it is premised on the alleged failure of the indictment to allege a federal offense, a premise we have just rejected." Hayle, 815 F.2d at 882; see also United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) (counsel not ineffective for failing to make meritless arguments).

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August /s/, 2007

                                        s/ Chief Judge Raymond J. Dearie
                                        RAYMOND J. DEARIE
                                        United States District Judge